### Moseley *against* Lord.

*Hartford,*
June, 1818.

THIS was an action of account, alleging that the defendant, being owner of the brig *Diligence*, lying in the harbour of *New-London*, and bound thence to the *West-Indies*, whereof *Sylvester Pratt* was master for the voyage, received of the plaintiff on board said brig two horses, to transport to the *West-Indies*, and there to sell and dispose of to the benefit both of the plaintiff and of the defendant, and to render to the plaintiff a reasonable account in the premises.

The defendant pleaded, that he was never bailiff and receiver ; and the cause was tried, on that issue, at *Haddam, December* term, 1817, before *Trumbull, Baldwin* and *Hosmer*, Js.

On the trial, it was admitted, that the defendant was the owner of the vessel, and that the horses were shipped on board of her, to be transported to the *West-Indies*, and there sold. To prove the terms of the contract between the parties, the plaintiff produced in evidence a bill of lading, given with the knowledge and assent of the defendant, the material parts of which are as follows : " Shipped in good order and well conditioned, by *Thomas Moseley* of *East-Haddam*, in and upon the brig called the *Diligence*, whereof is master for this present voyage *Sylvester Pratt*, now in the harbour of *New-London*, and bound for the *West-Indies*, two horses [describing them] to be delivered in the like good order and well conditioned, at the aforesaid port of the *West-Indies*, (the danger of the seas, and mortality, excepted,) unto the master or his assigns, he or they paying freight for the said goods, one half of the nett proceeds of the sales of said horses, and ten dollars in addition thereto, with average accustomed. In witness whereof, the master of said brig hath affirmed, &c. *Sylvester Pratt*." The defendant contended, that this instrument did not prove the contract alleged in the declaration ; but the court decided otherwise, and so instructed the jury. A verdict being given for the plaintiff, the defendant moved for a new trial, on the ground of a misdirection. This motion was reserved for the consideration and advice of the nine Judges.

Where the master of a vessel received goods on board, and, with the assent of the owner, gave the shipper a bill of lading, by the terms of which the goods were to be transported to the *West-Indies*, and there " delivered to the master, or his assigns, he or they paying freight for the same, one half the nett proceeds thereof," &c. ; it was held, that the bill of lading thus given by the master, bound the owner, and that the latter became the consignee, as well as the carrier, of the goods, and was accountable for them to the shipper.

*E. Huntington,* in support of the motion, contended, that by the terms of the bill of lading, *Sylvester Pratt,* the master, was the consignee of the horses, and he only was accountable to the plaintiff.

*C. Whittelsey,* contra, insisted, that the bill of lading bound the defendant, as owner, to account ; the horses having been received, transported and sold, by the master, in his character as master, and not in his individual capacity. The giving of a bill of lading to the shipper of property, being within the scope of the master's general authority, it would bind the owner without an express assent ; but here an express assent is found.

SWIFT, Ch. J. The master of a vessel is the agent of the owner ; and his contract is binding on him in every thing within the scope of his authority. His signing a bill of lading for goods shipped on board the vessel for the voyage, binds the owner, without any express assent ; but in this case, it is agreed to have been done by his assent. It is then, clearly, as obligatory on him, as if signed by his own hand. By this act, the owner becomes the consignee, as well as the carrier, of the goods, and is accountable for them to the shipper. It would be a novel principle, that in the same contract, executed by the master, with the assent of the owner, there should be different responsibilities ; and that the owner should be liable as carrier, and the master accountable as consignee.

HOSMER, J. The only question in this case is, who was the consignee of the property ? If the defendant received it to transport to the *West-Indies,* there to dispose of, he is bailiff to the plaintiff. The property was consigned to " the master or his assigns, he or they paying freight for the goods, one half the nett proceeds of said horses, and ten pounds in addition thereto." Had the assignment been made to *Sylvester Pratt* as an individual, his charge of the property as master, would have terminated, on his reception of it as the consignee. *L. M. A.* 131. He, however, never was the consignee, unless as the representative of the defendant. A consignment to the master, *ex vi termini,* is a consignment to the owner. As master of the

ship, he becomes the person entrusted with the care and management of her, and is the owner's servant and confidential agent. 1 *Malloy*, 341. *Abbott*, 77. The word *master* is a technical, relative term, not a *designatio personœ*, and always implies a person representing and acting for another. The interests of the plaintiff, the defendant, and the master, in the case before us, all point to this explication of the word.

It follows as the result, that the defendant was bailiff to the plaintiff, and that he has neither fulfilled his contract, nor accounted.

The other Judges were of the same opinion, except CHAPMAN, J. who gave no opinion, having been absent when the case was argued.

New trial not to be granted.